**UNITED STATES of America,
Appellee,**

**v.**

* Judge Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal. The remaining two members of the panel, who are in agreement, have determined this matter in accordance

Roger KEY, Defendant–Appellant.*

No. 07–5705–pr.

United States Court of Appeals,
Second Circuit.

April 29, 2010.

Roger Key, pro se, Ray Brook, New York.

Nicholas J. Lewin and Michael A. Levy; Assistant United States Attorneys, and Lev L. Dassin, Acting United States Attorney, Office of the United States Attorney for the Southern District of New York, New York, New York, for Appellee.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Roger Key, *pro se,* appeals from an order of the District Court denying his request to modify his sentence to reflect the time he spent in federal custody from (a) the date he was transferred from state to federal custody to (b) the date he was sentenced on federal charges. We assume the parties' familiarity with the underlying facts and procedural history of this case.

While this appeal was pending, defendant was released from prison. He is currently serving a statutory minimum five-year term of supervised release. *See* 21 U.S.C. § 841(b)(1)(A).

An appellate challenge to a criminal sentence is "rendered moot" when the defendant has been "release[d] from prison" and when there is either "no possibility" or only a " 'remote and speculative' " possibility that "the district court could [or would] impose a reduced term of supervised release were we to remand for resentencing." *United States v. Williams,* 475 F.3d 468, 479 (2d Cir.2007) (quoting *United States v. Blackburn,* 461 F.3d 259, 262 (2d Cir.2006)). Here, as we discuss in a separately filed opinion addressing a different aspect of this case, *see United States v. Key,* No. 08–3218–cr (2d Cir. April 28, 2009), even if it would be possible, on remand, for the District Court to terminate defendant's supervised release under 18 U.S.C. § 3583(e)(1), that possibility is too "remote and speculative" to "satisf[y] the case-or-controversy requirement of Article III, Section 2 of the Constitution." *Williams,* 475 F.3d at 478–79 (quotation marks omitted); *accord Blackburn,* 461 F.3d at 262. This appeal is therefore moot.

## CONCLUSION

For the foregoing reasons, this appeal is **DISMISSED** as moot.

---

with Second Circuit Internal Operating Procedure E(b).

* The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.